FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS E. CREECH,<br><br>               Petitioner-Appellant,<br><br>v.<br><br>JOSH TEWALT, Director, Idaho Department of Correction; TIM RICHARDSON, Warden, Idaho Maximum Security Institution; CHAD PAGE, Chief, Division of Prisons, Idaho Department of Correction, in his official capacity; and UNKNOWN EMPLOYEES, AGENTS, OR CONTRACTORS OF THE IDAHO DEPARTMENT OF CORRECTION,<br><br>               Respondents-Appellees. | No. 24-978<br><br>D.C. No. 1:20-cv-00114-AKB<br><br>OPINION |

Appeal from the United States District Court
for the District of Idaho
Brailsford, District Judge, Presiding

Submitted February 23, 2024
San Francisco, California

Before: William A. Fletcher, Jay S. Bybee, and Morgan Christen, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Thomas Eugene Creech, a death row inmate in the custody of the Idaho Department of Correction (IDOC), appeals the denial of his motion for a preliminary injunction in this 42 U.S.C. § 1983 action raising constitutional claims concerning his method of execution. His execution is currently scheduled for February 28, 2024.

In 1981, while serving life sentences in Idaho for multiple first-degree murders, Creech killed a fellow prisoner and was sentenced to death. The circumstances of the killing and Creech's previous post-conviction proceedings are discussed in our opinion in *Creech v. Richardson*, 59 F.4th 372 (9th Cir. 2023).

On February 23, 2024, the district court denied Creech's motion for preliminary injunctive relief on the grounds that Creech had not made a clear showing of a likelihood of success on the merits of any of his three constitutional claims concerning the protocol and method of his execution, and that the balance of equities and the public interest weigh against granting a preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).[1]

We have appellate jurisdiction to review the denial of a preliminary injunction under 28 U.S.C. § 1292(a)(1). We review the denial of a preliminary injunction for abuse of discretion. *See Harris v. Bd. of Supervisors*, 366 F.3d 754,

---

[1] The district court also denied Creech's request for an administrative stay. Creech does not separately appeal that ruling but, in any case, we find no error in the order denying an administrative stay.

760 (9th Cir. 2004). "The district court's interpretation of the underlying legal principles, however, is subject to de novo review and a district court abuses its discretion when it makes an error of law." *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc). "A district court abuses its discretion if it (1) relies on an improper factor, (2) omits a substantial factor, or (3) commits a clear error of judgment in weighing the correct mix of factors." *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 956 (9th Cir. 2013). "We review the district court's findings of fact under the clearly erroneous standard, meaning we will reverse them only if they are (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the record." *Id*. (internal quotation marks and citation omitted). We affirm.

The district court did not abuse its discretion in concluding that Creech is unlikely to succeed on the merits of his two due process claims. On appeal, Creech repeats his argument that the State failed to provide sufficient information about the source of its lethal injection drug, pentobarbital. More specifically, Creech raises the possibility that the State might have obtained the drug from Akorn, a pharmaceutical company that went out of business in February 2023 and subsequently recalled its product. Creech also suggests the possibility that the pentobarbital might have originated from other unreliable sources.

3

Though several of Creech's arguments originally were premised on his contention that the State had not informed him of its intended method of execution, he now concedes that IDOC intends to execute him by using manufactured, rather than compounded, pentobarbital. The district court found that IDOC provided Creech's counsel with a Certificate of Analysis verifying that the pentobarbital in its possession complies with regulatory and quality standards and that it has a February 2025 expiration date. We agree with the district court that the State has adequately disclosed the planned method of execution and that Creech is unlikely to succeed on his claim that due process additionally requires the State to disclose the source of the drug. Creech's other arguments about the provenance, quality, and reliability of the drug are purely speculative and are based on unauthenticated exhibits submitted with his motion and the conjecture of his expert.

Creech's other due process claim concerns the execution protocol. The district court correctly found that Standard Operating Procedure 135.02.01.001 is the applicable protocol for his execution by lethal injection and that the State has been and is presently following this protocol. That the protocol does not address execution by firing squad is immaterial, because that method will not be used for Creech's execution.

Creech also challenges his execution on Eighth Amendment grounds. The district court did not abuse its discretion in ruling that Creech was unlikely to

4

succeed on this claim. To challenge an execution method under the Eighth Amendment, a plaintiff must establish that his method of execution presents a risk that is "sure or very likely to cause serious illness and needless suffering" and to give rise to "sufficiently imminent dangers." *Glossip v. Gross*, 576 U.S. 863, 877 (2015) (internal quotations omitted) (emphasis omitted). The Supreme Court requires that the plaintiff then show "a feasible and readily implemented alternative method of execution that would significantly reduce a substantial risk of severe pain and that the State has refused to adopt [the alternative method] without a legitimate penological reason." *Bucklew v. Precythe*, 139 S. Ct. 1112, 1125 (2019).

First, the district court correctly concluded that Creech's Eighth Amendment claim fails as a matter of law because he has refused to identify an alternative method of execution. *See id*. Second, as with his due process arguments, Creech's Eighth Amendment claims rely largely on suppositions that he could be at risk of suffering unnecessary pain *if* he were to have certain medical conditions. Creech requested a medical examination to determine whether he suffers from any of these pre-existing conditions, which the district court denied. We find no error in the district court ruling, as Creech acknowledges he does not have any known conditions that create a substantial risk of severe pain or needless suffering. *See Glossip*, 576 U.S. at 877. Creech's argument that the protocol is deficient because

it does not require an anesthesiologist to administer the drug is squarely foreclosed by Supreme Court precedent, *see Baze v. Rees*, 553 U.S. 35, 59 (2008), which also recognizes that a brain monitor is not required. Finally, Creech has failed to show why the medical team's ability to observe the execution through a real-time video feed, rather than a window, is inadequate.

The district court found that Creech made a clear showing that he will suffer irreparable harm if his request for a preliminary injunction is not granted. The district court also recognized that the State has a strong interest in the finality of its judgments. The district court correctly concluded that the balance of equities and the public interest do not weigh in Creech's favor.

Because Creech has not made a clear showing of a likelihood of success on the merits of his claims and because the balance of equities and the public interest weigh against granting a preliminary injunction, the district court did not abuse its discretion in denying Creech's request for preliminary injunctive relief.

AFFIRMED.